Law Offices of Michael Lupolover
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
(T) (201) 461-0059
(F) (201) 608-7116
(E) MS@lupoloverlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTINE MCMAHON-PITTS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RICHARD SOKOLOFF, ) <br> ATTORNEY AT LAW ) <br> ) <br> Defendant. ) | Case No.: <br><br><br> CIVIL COMPLAINT |

**CIVIL COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff, Kristine McMahon-Pitts, on behalf of herself (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the Richard Sokoloff, Attorney At Law (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act (hereinafter "TCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 28 U.S.C §1391(b).

## PARTIES

4.     Plaintiff, Kristine McMahon-Pitts, is a natural person, who at all relevant times has resided in the State of New York, County of Suffolk, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5.     Defendant, Richard Sokoloff, Attorney At Law, is a New York business entity conducting business in the State of New York, with its corporate address as 3245 Route 112 Suite One, Medford, New York 11763.

6.     Defendant is a "debt collector" collecting consumer debts as used and defined under 15 U.S.C. § 1692(a) of the FDCPA.

## FACTUAL STATEMENT

7.     On or about December 2014, Plaintiff received a dunning letter from Defendant alleging that a debt was due and owing to a 24/7 Emergency Care P.C. for $392.58.

8.     The alleged debt was an obligation to pay money arising out of a transaction, the subject of which was primarily for personal purposes.

9.     Thereafter, Plaintiff sent a check covering the full balance on January 6, 2015. The check was cashed.

10.    On January, 14, 2015 Defendant called Plaintiff on her cell phone. Plaintiff told Defendant that she had paid in full and they should stop calling her.

11.    On January 21, 2015 Defendant called Plaintiff again three times to collect on the debt. Plaintiff faxed in proof of payment and confirmed receipt. Plaintiff again told Defendant to stop calling her.

12.    On February 23, 2015, Defendant called Plaintiff five times in attempt to collect on the paid debt. Again, Plaintiff told Defendant to stop calling her.

13. On March 14, 2015 Defendant called Plaintiff again.

14. All calls made to Plaintiff by Defendant were made to Plaintiff's cellular phone.

15. Upon information and belief, Defendant used an automated dialer to call Plaintiff's cellular phone number.

16. Upon information and belief, Defendant knew that it was using an automated dialer to place these calls to Plaintiff, and that the calls were directed to Plaintiff's cellular phone.

17. Upon information and belief, Plaintiff revoked any consent for Defendant to call Plaintiff that may have existed.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

18. Plaintiff repeats and realleges the allegation contained in paragraphs 1 through 17 above and incorporates them as if set forth specifically herein.

19. On or about December 2014, Plaintiff received a dunning letter from Defendant alleging that a debt was due and owing to a 24/7 Emergency Care P.C. for $392.58.

20. Thereafter, Plaintiff sent a check covering the full balance on January 6, 2015. The check was cashed.

21. Plaintiff informed Defendant of the payment and repeatedly told them to stop calling her.

22. Despite this, Defendant continued calling and collecting on the paid debt.

23. Plaintiff received at least eleven (11) calls from Defendant amounting to harassment, given the circumstances.

24. Defendant's actions violate the FDCPA. Defendant's violations with respect to the above include, but are not limited to, the following:

a. 15 U.S.C. § 1692(c)(c) - If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt;

b. 15 U.S.C. § 1692(d) – preface: A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

c. 15 U.S.C. § 1692(d)(5) - Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

d. 15 U.S.C. § 1692(e) – preface: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt;

e. 15 U.S.C. § 1692(e)(2)(A) - The false representation of -- the character, amount, or legal status of any debt;

f. 15 U.S.C. § 1692(e)(10) - The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

g. 15 U.S.C. § 1692(f) – preface: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227 *et seq.*

25.     Plaintiff repeats and realleges the allegation contained in paragraphs 1 through 17 above and incorporates them as if set forth specifically herein.

26.     A minimum of eleven (11) telephone calls were made to Plaintiff from Defendant.

27.     Defendant's actions of placing a minimum of eleven (11) telephone calls each constitute separate violations of 47 U.S.C. §227(b)(1)(A)(iii), to which there is no exemption for said behavior.

28.     All calls made to Plaintiff by Defendant were made to Plaintiff's cellular phone.

29.     Upon information and belief, Defendant used an automated dialer to call Plaintiff's cellular phone number.

30.     Upon information and belief, Defendant knew that it was using an automated dialer to place these calls to Plaintiff, and that the calls were directed to Plaintiff's cellular phone.

31.     Upon information and belief, Plaintiff has never provided consent, in any form, that would permit Defendant to place phone calls to her cellular phone, or any other device, which utilize an automated dialer system or that contain pre-recorded messages.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

WHEREFORE, Plaintiff, Kristine McMahon-Pitts, respectfully requests that this Court do the following for her benefit:

   a.   That an order be entered declaring Defendant's actions, as described above, to be in violation of the FDCPA;

b. That judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

c. That judgment be entered against Defendant for statutory damages, pursuant to 15 U.S.C. §1692k(2)(A) and (B), in the amount of $1,000.

d. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §1692k(a)(3);

e. That an order be entered declaring Defendant's actions, as described above, in violation of the Telephone Consumer Protection Act ("TCPA");

f. That judgment be entered against Defendant for all violations of 47 U.S.C. §227b(1)(A)(iii) and award treble damages for all violations the Court deems willful; and

g. That the Court grant such other and further relief as may be just and proper.

Dated this 25th day of August, 2015

Respectfully Submitted,

\_\_\_\_/s/ Matthew T. Sheffield Esq.\_\_\_\_\_
Matthew T. Sheffield, Esq.
Law Offices of Michael Lupolover
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
(T) (201) 461-0059
(F) (201) 608-7116
(E) MS@lupoloverlaw.com